IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| THE BACKER LAW FIRM, LLC, on behalf of itself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | Case No. 4:15-cv-00327-SRB |

## ORDER

Before the Court is Defendant Costco Wholesale Corporation's Motion to Stay. (Doc. #9). For the reasons stated below, Defendant's motion is DENIED.

### I.  Background

Plaintiff, The Backer Law Firm, LLC, filed this action in the Circuit Court of Jackson County Missouri on April 2, 2015, on behalf of itself and a putative class "of all persons to whom Defendant transmitted a facsimile promoting Defendant's products or services between April 10, 2011 and April 10, 2015[.]"  (Doc. #1-1, ¶ 11).  Defendant removed the action to this Court on May 1, 2015, on the basis of federal question jurisdiction.  (Doc. #1).  Plaintiff's complaint alleges that by sending the faxes in question, Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(C), which provides in relevant part:

> It shall be unlawful for any person within the United States . . .
> (C) to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement, unless –
> >  (i) the unsolicited advertisement is from a sender with an established business relationship with the recipient;
> >  (ii) the sender obtained the number of the telephone facsimile through –
> > >  (I)  the voluntary communication of such number, within the context of such established business relationship, from the recipient of the unsolicited advertisement, or

> > (II) a directory, advertisement, or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number for public distribution. . . . and
>
> (iii) the unsolicited advertisement contains an [opt-out] notice meeting the requirements under paragraph (2)(D).

The statute defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person *without that person's prior express invitation or permission*, in writing or otherwise." 47 U.S.C. § 227(a)(5) (emphasis added).

The FCC issued an implementing regulation, 47 C.F.R. § 64.1200(a)(4)(iv), which provides, "A facsimile advertisement that is sent to a recipient that has provided prior express invitation or permission to the sender must include an opt-out notice . . . [.]" Confusion occurred as a result of a footnote in the FCC order that accompanied the new regulation, which provided "the opt-out notice requirement only applies to communications that constitute unsolicited advertisements." *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Junk Fax Prevention Act of 2005*, CG Docket Nos. 02-278, 05-338, Report and Order and Third Order on Reconsideration, 21 FCC Rcd 3787, 3810 n.154 (2006). The FCC confirmed in an order dated October 30, 2014, that opt-out language was required on solicited faxes (*i.e.* faxes sent with prior express invitation or permission) but found its inconsistent statements constituted good cause for modification of its rules and granted certain petitioners retroactive waiver of the rule. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Junk Fax Prevention Act of 2005*, CG Docket Nos. 02-278, 05-338, Order, 29 FCC Rcd. 13998 (2014).

The FCC also invited similarly situated parties to petition for retroactive waiver. *Id.* at ¶ 22. On August 28, 2015, while Defendant's motion was being briefed, the FCC issued a

2

Case 4:15-cv-00327-SRB   Document 22   Filed 09/28/15   Page 2 of 5

subsequent order granting more than 100 retroactive waiver petitions that were filed between September 2014 and June 2015.  *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Junk Fax Prevention Act of 2005*, CG Docket Nos. 02-278, 05-338, Order, 2015 WL 5120879 (2015).  Defendant filed a petition for waiver on July 20, 2015.  The FCC's August 28 order specifically stated that other pending petitions will be dealt with separately.  2015 WL 5120879 at n.30.

Plaintiff's TCPA claim alleges only that "unsolicited" faxes sent by Defendant violated the statute, but Plaintiff seeks to represent a class that is not similarly limited and might, therefore, be construed to include persons who received solicited faxes (*i.e.* faxes sent with prior express invitation or permission) that did not include the required opt-out language.  As a result, Defendant moves this Court to impose a complete and indefinite stay pending the FCC's resolution of Defendant's waiver petition arguing that Defendant is similarly situated to those who have already received waivers and application of the primary jurisdiction doctrine weighs in favor of a stay.  Defendant counters, primarily, that there is no indication if or when the FCC will decide Defendant's waiver petition, and even if the FCC grants Defendant a waiver, it will have a *de minimis*, if any, impact.

## II. Legal Standard

"A district court has broad discretion to stay proceedings when appropriate to control its docket[.]" *Sierra Club v. U.S. Army Corps of Engineers*, 446 F.3d 808, 816 (8th Cir. 2006).  A district court's broad discretion to stay is properly exercised upon a determination that the primary jurisdiction doctrine applies.  *Access Telecomms. V. Sw. Bell Tel. Co.*, 137 F.3d 605, 609 (8th Cir. 1998) (finding district court could have properly stayed or dismissed the case upon district court's determination that the primary jurisdiction doctrine applied).  "Primary

jurisdiction is a common-law doctrine that is utilized to coordinate judicial and administrative decision making." *Id.* at 608 (citation omitted). While there is no fixed formula and the doctrine should be applied reluctantly given the expense and delay that may result, primary reasons for applying the doctrine include agency expertise and the promotion of uniformity and consistency within a particular field of regulation. *Id.*

### III. Discussion

While the Court recognizes the FCC's expertise in this area, it is impossible to tell at this early stage of the litigation when limited discovery has been conducted, what, if any, impact the FCC's decision on Defendant's waiver petition might have. As the FCC's August 28, 2015, order makes clear, regardless of whether Defendant's waiver petition is granted, discovery on the issue of solicited faxes will proceed. 2015 WL 5120879 at *5 ("We reiterate the Commission's statement that the granting of a waiver does not confirm or deny whether the petitioners had the prior express permission of the recipients to send the faxes. That remains a question for the triers of fact in private litigation.") As a result, the Court finds that at this early stage in the litigation, the potential consequences of undue delay and expense outweigh the benefits of staying the matter pending the FCC's resolution of Defendant's waiver petition.

Defendant relies upon *Bondhus v. Henry Schein Inc.*, No. 14-22982-CIV, 2015 WL 1968841 (S.D. Fla Apr. 30, 2015), in support of its argument that a complete and indefinite stay is warranted. There, however, the district court entered a *limited* stay and allowed the parties to "proceed with discovery related to the particular communication to Plaintiff himself that is at issue in this case, as well as discovery related to the consent/express permission defense that Defendant may assert if the FCC petition results in a waiver." 2015 WL 1968841, at *5. *Bondhus* does not support a complete and indefinite stay as has been requested by Defendant.

## IV. Conclusion

Based on the foregoing, Defendant Costco Wholesale Corporation's Motion to Stay (Doc. #9) is DENIED.

IT IS SO ORDERED.

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated:  September 28, 2015