# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI

THE BACKER LAW FIRM, LLC, on behalf )
of itself and all those similarly situated, )
                                     )
            Plaintiff, )
                                     )
v.                                   )       Case No: 4:15-CV-00327-SRB
                                     )
COSTCO WHOLESALE CORPORATION, )
                                     )
            Defendant. )

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement" or "Settlement") is entered into this **29** day of August, 2018, by and between Plaintiff The Backer Law Firm, LLC ("Plaintiff" or "Class Representative"), for itself and as representative of the Class (as defined below), and Defendant Costco Wholesale Corporation ("Defendant" or "Costco") (collectively referred to as the "Parties"), subject to Court approval as required by Fed. R. Civ. P. 23. Plaintiff, Class Counsel and Costco stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court of the Judgment (as defined below), all claims of the Class against Costco in the action entitled *The Backer Law Firm, LLC v. Costco Wholesale Corporation,* Case No. 4:15-CV-00327-SRB, shall be settled and compromised upon the terms and conditions set forth herein.

## I.     RECITALS

On April 2, 2015, Plaintiff filed a class action petition against Defendant in the Circuit Court of Jackson County, Missouri, Case No. 1516-CV07104, alleging that Defendant violated the Telephone Consumer Protection Act, committed the common law tort of conversion, violated the Missouri Computer Tampering Act, and committed the common law torts of negligence and negligence per se; and

**EXHIBIT 1**

The petition sought the certification of a putative class and damages on behalf of the putative class under Mo. R. Civ. P. 52.08; and

On May 1, 2015, Defendant removed the Action to the United States District Court for the Western District of Missouri, Case No. 15-CV-00327-SRB; and

The Parties have undertaken significant and substantial discovery and investigation into the claims alleged in the Action; and

The Court entered an Order granting Plaintiff's motion for class certification under Fed. R. Civ. P. 23 on April 27, 2017 (the "Certification Order"); and

The Parties have engaged in extensive arms-length negotiation concerning the possibility of settlement and the Parties have reached a settlement of all claims asserted by the Class through the Class Representative in the Action; and

Defendant has denied and continues to deny all allegations asserted in the Action, but has conducted a thorough study and investigation of the law and facts relating to the claims made in the Action and has concluded that the Settlement provided herein is appropriate in light of the risks and expense of further litigation; and

The Class Representative and Class Counsel, having conducted discovery and investigation regarding Defendant's alleged transmission of facsimile advertisements, and having thoroughly studied and investigated the law and facts relating to the claims of the Class, have concluded, taking into account the benefit the Class will receive as a result of this Settlement and the risks of further litigation, that the Settlement provided herein is fair, reasonable, adequate and in the best interests of the Class; and

The Parties have agreed to submit the Settlement of all claims made in the Action to the Court for preliminary and final approval;

8902925 v1

NOW THEREFORE, in consideration of the mutual covenants herein and subject to the terms and conditions set forth below, IT IS HEREBY STIPULATED AND AGREED by and between DEFENDANT and PLAINTIFF, individually and on behalf of the Class, that the Action is compromised and settled, subject to approval by the Court.

## II.  DEFINITIONS

The below terms are used in this Agreement and defined as follows:

**(A)**  "Action" means the matter captioned "*The Backer Law Firm, LLC v. Costco Wholesale Corporation*" filed on April 2, 2011, in the Circuit Court of Jackson County, Missouri, Case No. 1516-CV07104 and removed to the United States District Court for the Western District of Missouri, Case. No. Case No. 4:15-CV-00327-SRB.

**(B)**  "Agreement" means this Settlement Agreement and Release.

**(C)**  "Administrator" means the entity upon whom the Parties mutually agree shall be retained to serve as Administrator.

**(D)**  "Administrator Costs" shall be those costs paid from the Gross Settlement Fund to the Administrator for any services rendered relating to the identification and notification (including printing, copying, mailing, website, *etc.*) of Class Members and administration of payments to Class Members; the issuance and processing of objections and opt-outs; and any other costs related to the administration of the settlement in an amount not to exceed Twenty Thousand Dollars and No/100 ($20,000.00).  The Parties agree to cooperate in the Settlement administration process and to make all reasonable efforts to control and minimize the Administrator Costs.

**(E)**  "Class Counsel" means Noah K. Wood and Ari N. Rodopoulos of the Wood Law Firm, LLC, 1100 Main Street, Suite 1800, Kansas City, Missouri 64105.

8902925 v1

Case 4:15-cv-00327-SRB   Document 183-1   Filed 09/04/18   Page 3 of 30

**(F)**    "Class Members" or the "Class" means "All persons or entities appearing in the List of Class Members to whom Defendant Costco Wholesale Corporation sent one or more facsimiles promoting its products, services, or memberships between April 2, 2011 and April 2, 2015.    Excluded from the class are ABC Business Forms, Inc., Defendant and its officers, directors, and employees, Defendant's counsel, any persons who previously have settled TCPA claims with Defendant, the Court and Court personnel, and counsel for the Plaintiff."

**(G)**    "Class Representative" means The Backer Law Firm, LLC.

**(H)**    "Court" means the United States District Court for the Western District of Missouri.

**(I)**    "Defendant's Counsel" means Todd W. Ruskamp and Rebecca J. Schwartz, Shook, Hardy & Bacon L.L.P., 2555 Grand Avenue, Kansas City, Missouri, 64108.

**(J)**    "Effective Settlement Date" means the fifth business day after which all of the following have occurred:

        a.      All Parties have executed this Agreement;

        b.      The Court has entered without material change the Judgment; and

        c.      The time for appeal of or petition related to the Judgment has expired, and no appeal or petition for rehearing or review has been timely filed; or the Judgment is affirmed on appeal or review without material change.

**(K)**    "Final Approval Hearing" means a hearing set by the Court for the purpose of determining the fairness, adequacy and reasonableness of the Settlement.

**(L)**    "Gross Settlement Amount" means the total maximum amount that may be paid by Defendant, which is Two Hundred Forty Nine Thousand Three Hundred Sixteen Dollars and 67/100 ($249,316.67).    The Gross Settlement Amount represents the amount from which, pursuant to the terms and conditions of this Agreement, all payments to Class Members,

Administrator Costs and the Court-approved attorney's fees and costs for Class Counsel and the Incentive Award will be paid. The Gross Settlement Fund shall be made available by Defendant, up to the maximum amount set forth in this paragraph, at such times, and in such amounts, as monies become due and payable from the Gross Settlement Fund, as set forth herein; and, if the required payments aggregate less than the maximum amount of $249,316.67, any and all excess and unneeded funds shall be donated to Legal Aid of Western Missouri and Defendant shall have no obligation to make further payments.

**(M)** "Incentive Award" means any Court-approved payment to Plaintiff from the Gross Settlement Fund in addition to any payment due Plaintiff as a Class Member.

**(N)** "Judgment" means the Judgment on Order of Final Approval of Settlement to be executed and filed by the Court, which approves the fairness, reasonableness and adequacy of this Agreement.

**(O)** "Net Settlement Amount" means the Gross Settlement Amount less amounts due or paid for Administrator Costs, approved attorney's fees and costs for Class Counsel and the Incentive Award.

**(P)** "Notice of Settlement" means the Notice of Pendency and Settlement of Class Action (in the forms attached hereto as Exhibit 1 and Exhibit 2).

**(Q)** "Objection/Opt-Out Date" means a date no later than thirty (30) days after the date the Notice of Settlement is first sent or published. The Administrator shall first send or publish the Notice of Settlement not later than ten (10) days after the entry of the Preliminary Approval Order by the Court.

**(R)** "Preliminary Approval Order" means the order entered by the Court granting preliminary approval of the Settlement (in the proposed form attached as Exhibit 3).

8902925 v1

Case 4:15-cv-00327-SRB   Document 183-1   Filed 09/04/18   Page 5 of 30

**(S)** "Released Claims" means all claims to be released as specified in Section ___ of this Agreement.

**(T)** "Released Parties" means Costco and each of its present and former parent companies, holding companies, subsidiaries, divisions, affiliates, predecessors, successors, assigns, directors, officers, employees, agents, insurers, contractors, vendors, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors and any other party acting for or on Costco's behalf.

**(U)** "Releasing Parties" means Plaintiff and all Class Members who did not timely opt out of the Settlement, and each of their respective heirs, assign, beneficiaries, successors and members.

## III. TERMS OF SETTLEMENT

### (A) Benefits of Settlement to Class Members

In exchange for the mutual promises and covenants of this Agreement, including without limitation, the Release set forth in Section III-F, and dismissal of the Action upon entry of the Judgment, Costco shall timely pay up to the Gross Settlement Amount in satisfaction of the approved payments to Class Members, Administrator Costs and the Court-approved attorney's fees and costs for Class Counsel and the Incentive Award.

### (B) Entry of Judgment

The Parties agree that at or after the Final Approval Hearing, they shall jointly request the Court to approve and enter a Judgment which approves the fairness, reasonableness and adequacy of this Agreement.

### (C) Allocation of Gross Settlement Amount

The Gross Settlement Amount shall be allocated and paid as follows:

1. The Administrator Costs;

8902925 v1

Case 4:15-cv-00327-SRB   Document 183-1   Filed 09/04/18   Page 6 of 30

2. Class Counsel's attorneys' fees and costs approved by the Court consisting of attorneys' fees of no more than 40% of the Gross Settlement Amount plus reasonable costs incurred and paid by Class Counsel. Class Counsel intends to apply to the Court for attorneys' fees of no more than 40% of the Gross Settlement Amount, which amounts to Ninety Nine Thousand Seven Hundred Twenty Six and 67/100 Dollars ($99,726.67), plus payment of Class Counsel's costs incurred and paid of no more than Seventeen Thousand Dollars ($17,000.00). Defendant agrees not to oppose any motion for attorneys' fees and costs by Class Counsel provided that the attorneys' fees and costs incurred and paid do not exceed the amounts set forth herein. The Notice of Settlement shall include disclosure of the amount of Class Counsel's expected fee and cost application;

3. Incentive Award approved by the Court of no more than Five Thousand Dollars ($5,000.00); and

4. Class Members who qualify to receive payments under the terms of this Agreement as follows:

(a) Each Class Member who does not timely opt out of the Settlement shall be entitled to receive a Costco Cash Card with a balance of Seventy Dollars ($70.00). In no event shall a payment to any Class Member exceed Seventy Dollars ($70.00), regardless of the number of facsimile transmissions sent to it or potential claims or theories of recovery the Class Member could have asserted against Defendant.

(b) If the total sum of $70.00 Costco Cash Cards issued to Class Members is less than the Net Settlement Amount, the difference shall be donated to Legal Aid of Western Missouri in the form of

8902925 v1

Costco Cash Cards or a payment made by Costco. Costco shall have no obligation to make further payments the Class Members.

5. Each of the Parties shall bear their own taxable court costs of the Action.

**(D)** **Operation and Distribution of the Settlement Award**

1. Upon entry of the Preliminary Approval Order, the Administrator Costs shall be timely paid by Defendant as they are incurred and billed.

2. Within fourteen (14) days of the occurrence of the Effective Settlement Date, all Administrator Costs to date, Class Counsel's attorneys' fees and costs approved by the Court and the Incentive Award approved by the Court shall be paid by Defendant.

3. There shall be no claim form.

4. Within fourteen (14) days after the Objection/Opt-Out Date, the Administrator shall provide Class Counsel and Defendant's Counsel with copies of all of the submitted objections and opt-outs and inform Class Counsel and Defendant's Counsel of the number and names of Class Members the Administrator believes should receive a settlement payment under paragraph III(C)(4) above. Within fourteen (14) days thereafter, Class Counsel and Defendant's Counsel will advise each other and the Administrator in writing whether any such Class Members should not receive a settlement payment, including the reasons for non-payment. Any unresolved disputes about payment to a Class Member shall be resolved by the Court.

5. Within thirty (30) days of the Effective Settlement Date, Defendant shall provide the Administrator the correct number of Costco Cash Cards (each with a balance of $70.00) to be issued to Class Members who did not opt-out of the settlement. Thereafter, the Administrator shall deliver the Costco Cash Cards to Class Members identified in paragraph

8902925 v1

Case 4:15-cv-00327-SRB   Document 183-1   Filed 09/04/18   Page 8 of 30

III(D)(4) above. Alternatively, Defendant, at its option, may elect to deliver the Costco Cash Cards to those Class Members at its expense.

6. The Administrator (or Costco) shall make at least two attempts to mail a Costco Cash Card to Class Members. If, after ninety (90) days, the Administrator (or Costco) is unable to locate a proper address, all returned or undeliverable Costco Cash Cards or their cash value shall be donated to Legal Aid of Western Missouri.

7. If Defendant elects to issue Costco Cash Cards to Class Members, Defendant must keep documentation of all attempts and immediately notify Class Counsel of any returned or undeliverable Costco Cash Cards.

8. The Costco Cash Cards shall be redeemable at any Costco location in the United States or online at www.costco.com and shall have no expiration date. The Costco Cash Cards shall not require any activation and shall not require Class Members to be Costco members in order to use them in store or online.

9. The Administrator (or Costco) shall advise Class Counsel and Defendant's Counsel (or the Administrator) of all Costco Cash Cards issued to Class Members and provide written certification of the completion of distributions within thirty (30) days of completion.

10. If the total sum of $70.00 Costco Cash Cards issued to Class Members is less than the Net Settlement Amount, the difference shall be donated to Legal Aid of Western Missouri in the form of Costco Cash Cards or a payment made by Costco. Costco shall have no obligation to make further payments the Class Members.

11. There shall be no reversion to Defendant.

**(E)**    **No Liability for Operation or Distribution of Settlement Award**

The Class Members shall be solely responsible for paying all tax obligations, if any, arising from payments to the Class Members in accordance with applicable law. Defendant,

Case 4:15-cv-00327-SRB   Document 183-1   Filed 09/04/18   Page 9 of 30

Defendant's Counsel, Plaintiff and Class Counsel shall have no responsibility or liability to any Class Member or other party for determining, withholding, or paying any taxes, if any, incurred in connection with this Agreement.

**(F)** **Release of Released Parties**

1.     As of the Effective Settlement Date, the Releasing Parties shall automatically be deemed to have fully and irrevocably released and forever discharged the Released Parties of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory or equitable, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties or matters occurring through and including the date of entry of the Judgment, that were or could have been alleged in the Action resulting from or arising out of the alleged or actual sending or transmission of a facsimile by Defendant.

2.     Plaintiff or any Class Member may hereafter discover facts other than or different from those that the Party knows or believes to be true with respect to the subject matter of the claims released under this Agreement or the law applicable to such claims may change. Nonetheless, each of those Parties expressly agrees that, as of the Effective Settlement Date, the Party shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims with respect to all of the matters described in or subsumed by this Agreement. Further, each Party agrees and acknowledges that the Party shall be bound by this Agreement, including by the releases contained herein, and that all of their claims in the Action shall be dismissed with prejudice and released, whether or not such claims are concealed or hidden; without regard to subsequent discovery of different or additional facts

8902925 v1

and subsequent changes in the law; and even if the Party never receives actual notice of the Settlement or never receives a distribution of funds from the Settlement.

## IV.    SETTLEMENT PROCEDURES AND CLAIMS ADMINISTRATION

**(A)    Preliminary Settlement Approval**.  Upon execution of this Agreement by the Parties, Class Counsel will request preliminary approval of the Settlement by the Court.  Class Counsel will submit this Agreement and the proposed forms of notices and any other documents necessary to implement the Settlement.  The motion for preliminary approval shall request that the Court:  (i) approve the terms of the Settlement as within the range of fair, adequate and reasonable; (ii) approve the notice program set forth herein and approve the form and content of the notices of the Settlement, substantially in the forms attached to this Agreement as Exhibits 1-3; (iii) stay the Action and all other proceedings against Costco by Class Members that relate to the Released Claims pending the Final Approval Hearing; and (iv) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, Class Counsel and Defendant's Counsel, at which the Court will determine whether to approve the Settlement and Class Counsel's application for attorneys' fees, costs and expenses and for the Incentive Award to Plaintiff.

2.    Defendant, at its own expense, shall serve or cause to be served a notice of the proposed Settlement, in conformance with the Class Action Fairness Act, 28 U.S.C. § 1715(b).

**(B)    Administrator Duties**

The Administrator shall be responsible for preparing and publishing the Notice of Settlement as directed by the Court to the Class Members; receiving and reviewing objections and opt-outs submitted by Class Members; consulting with Class Counsel and Defendant's Counsel concerning the validity of opt-outs; consulting with Class Counsel and Defendant's

Counsel as necessary to track objections; assisting in distributions to Class Members; and for such other tasks as the Parties mutually agree or the Court orders the Administrator to perform.

    **(C)**      <u>Notice</u>

    1.      The Administrator shall transmit the Notice of Settlement as specified herein to all Class Members within ten (10) days after preliminary approval is granted by the Court.

    2.      The Administrator shall set up and maintain one website with the Notice of Settlement on a website agreed to by the parties for a 60-day period commencing on the date the publication of the Notice of Settlement. The website shall provide instructions for the completion and return of objections and opt-outs by Class Members.

    **(D)**      <u>Procedure for Objecting</u>

    1.      The Notice of Settlement shall provide that only Class Members may object to the Settlement and that Class Members who wish to object to the Settlement must file with the Court and serve on counsel for the Parties a written statement objecting to the Settlement no later than the Objection/Opt-Out Date.

    2.      No Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Class Member shall be received or considered by the Court at the Final Approval Hearing, unless written notice of the Class Member's intention to appear at the Final Approval Hearing, and copies of any written objections or briefs, have been filed with the Court and served on counsel for the Parties on or before the Objection/Opt-Out Date. The date of filing shall be the exclusive means used to determine whether an objection and/or intention to appear has been timely submitted. Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any

8902925 v1

objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

**(E)**    **Procedure for Requesting Exclusion**

The Notice of Settlement shall provide that Class Members shall be entitled to exclude themselves by written statement requesting exclusion from the Class ("Request for Exclusion"). To be valid, the Request for Exclusion must contain the name and address (telephone number is optional) of the person or business requesting exclusion and must be returned by First Class Mail to the Administrator at a specified address and must be postmarked on or before the Objection/Opt-Out Date.

Any person who properly opts out of the Class using this procedure will not be entitled to any recovery or settlement benefit and will not be bound by the Settlement or have any right to object, appeal or comment thereon.   Any Class Member who fails to submit a valid and timely request for exclusion on or before the Objection/Opt-Out Date shall be bound by all terms of the Settlement and any Judgment entered in this Class Action if the Settlement is approved by the Court, regardless of whether they ineffectively or untimely requested exclusion from the Settlement.   The Administrator shall provide Defendants' Counsel and Class Counsel with a complete list of all Class Members who have timely requested exclusion from the Class, as well as any documents submitted by those who have requested exclusion.

**V.**    **FINAL APPROVAL HEARING AND ENTRY OF JUDGMENT**

**(A)**    The Parties agree to use their best efforts to effectuate preliminary and final approval of the Settlement.

**(B)**    At the conclusion of the Final Approval Hearing, the Parties shall request that the Court enter the Judgment, approving the terms of this Agreement as fair, reasonable, and adequate; approving Class Counsel's attorney's fees and expenses, and the Incentive Award set

Case 4:15-cv-00327-SRB   Document 183-1   Filed 09/04/18   Page 13 of 30

forth in this Agreement; directing the Administrator (or Defendant) to distribute payments in accordance with the Agreement; and retaining jurisdiction in the Court to enforce the provisions of this Agreement.

(C)     If this Agreement is not approved by the Court or for any reason does not become effective, the Parties shall be returned to their position with respect to the Action prior to this Agreement, and this Agreement and any release, ratification, exclusion, or objection by a Class Member executed in reliance upon this Agreement shall be null and void.

## VI.     MISCELLANEOUS PROVISIONS

### (A)     Interim Stay of Proceedings

The Parties agree to hold all proceedings in the Class Action, except such proceedings necessary to implement and complete the Settlement, in abeyance pending the Final Approval Hearing to be conducted by the Court.

### (B)     No Admission of Wrongdoing

Whether or not this Agreement and the settlement contemplated under the Agreement are consummated and effectuated, this Agreement and the proceedings had in connection with the Agreement shall in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of Defendant of any liability or wrongdoing whatsoever. This Agreement, and each of its provisions, shall not be offered or received in evidence in this or any other action or proceeding as an admission or concession of liability or wrongdoing of any nature on the part of Defendant.

### (C)     Acknowledgements

The Class Representative, on behalf of itself and the Class Members, and Defendant, by their duly-appointed representatives, acknowledge that: (i) they have read and understand the legal effect of this Agreement; (ii) they have had the benefit of the advice of counsel in

8902925 v1

connection with the review, execution and delivery of this Agreement; (iii) they have voluntarily executed and delivered this Agreement intending to be fully bound thereby in accordance with its terms; and (iv) that this Agreement is the result of arms-length negotiations involving experienced counsel.

**(D)**      **Amendment or Modification**

This Agreement may be amended or modified only by a written instrument signed by the Parties or their successors-in-interest.

**(E)**      **Binding on Successors and Assigns**

This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties.

**(F)**      **Missouri Law Governs**

All terms of this Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of Missouri.

**(G)**      **Venue**

Any adjudicated dispute regarding the interpretation or validity of or otherwise arising out of this Agreement, or relating to the Action or the Released Claims, shall be subject to the exclusive jurisdiction of the United States District Court for the Western District of Missouri, and Plaintiff, Class Members, and Defendant agree to submit to the personal and exclusive jurisdiction and venue of that Court for purposes of resolving such disputes.

**(H)**      **Counterparts**

This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

8902925 v1

**(I)** **Jurisdiction of the Court**

The Court shall retain jurisdiction solely with respect to the interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the Settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

**(J)** **Cooperation and Drafting**

.Each of the Parties has cooperated in the drafting and preparation of this Agreement. Hence the drafting of this Agreement shall not be construed against any of the parties.

**(K)** **Entire Agreement**

This Agreement constitutes the entire understanding of the Parties and supersedes any and all prior promises and understandings, whether written or oral.

8902925 v1

Respectfully submitted,

THE BACKER LAW FIRM, LLC

Dated: _Aug. 29, 2018_                                    _[signature]_

Printed: _Joseph M. Backer_

WOOD LAW FIRM, LLC

Dated: _____       _____

Ari N. Rodopoulos
Attorney for Plaintiff and Plaintiff Class

COSTCO WHOLESALE CORP.

Dated: _____       _____

Printed: _____

SHOOK, HARDY & BACON LLP

Dated: _____       _____

Todd W. Ruskamp
Attorney for Defendant

8902925 v1

## If you receive this notice, you could get a distribution
## from a class action settlement.

*The United States District Court for the Western District of Missouri authorized this notice.*
*This is not a solicitation from a lawyer.*

- The settlement provides financial compensation to those who were sent a facsimile advertisement by Costco Wholesale Corporation ("Costco") between April 2, 2011 and April 2, 2015.

- To qualify, your name must appear in the *List of Class Members*, which is a confidential document that has been submitted to the United States District Court for the Western District of Missouri (the "Court").

- Your legal rights are affected whether you act or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | Remain a class member and receive a $70 Costco Cash Card. |
| **EXCLUDE YOURSELF** | Get no compensation. This is the only option that allows you to ever be a part of any other lawsuit against Costco about the legal claims in this case. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

- **Any questions? Read on and visit <WEBSITE>.**



8903031 v1

**BASIC INFORMATION** ..................................................................................PAGE 3
    1. Why did I get this notice?
    2. What is this lawsuit about?
    3. What is a class action and who is involved?
    4. Why is there a settlement?

**WHO IS IN THE CLASS** ...............................................................................PAGE 4
    5. Am I part of this Class?
    6. I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS** ...................................................................PAGE 4
    7. What does the settlement provide?
    8. How much will my payment be?
    9. What happens to unclaimed money in the settlement fund?

**HOW YOU GET A PAYMENT** ......................................................................PAGE 5
    10. How can I get a payment?
    11. When would I get my payment?
    12. What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** .........................................PAGE 5
    13. How do I get out of the settlement?
    14. If I don't exclude myself, can I sue Defendant
        for the same thing later?
    15. If I exclude myself, can I get money from this settlement?

**THE LAWYERS REPRESENTING YOU** .................................................................PAGE 6
    16. Do I have a lawyer in this case?
    17. How with the lawyers be paid?
    18. Will the Class Representative be awarded for its work?

**OBJECTING TO THE SETTLEMENT** ..................................................................PAGE 7
    19. How do I tell the Court that I don't like the settlement?
    20. What's the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING** .................................................................PAGE 7
    20. When and where will the Court decide whether to
        approve the settlement?
    21. Do I have to come to the hearing?
    22. May I speak at the hearing?

**IF YOU DO NOTHING** ..................................................................................PAGE 8
    23. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ...........................................................................PAGE 8

    24.  Are more details available?

## BASIC INFORMATION

### 1. Why did I get this notice?

Costco's records show that you may been sent a facsimile advertisement between April 2, 2011 and April 2, 2015.

The Court authorized sending this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to finally approve the settlement.  If the Court approves it, and after any objections and appeals are resolved, an administrator appointed by the Court will make distribute compensation as the settlement allows.  You will be informed of the progress of the settlement. This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Western District of Missouri, and the case is known as *The Backer Law Firm, LLC v. Costco Wholesale Corporation,* Case No. 4:15-CV-00327-SRB. The person who sued is called the Plaintiff, and the company it sued, Costco, is called the Defendant.

### 2. What is this lawsuit about?

The lawsuit claims Defendant sent unsolicited facsimile advertisements in violation of the federal Telephone Consumer Protection Act.

### 3. What is a class action and who is involved?

In a class action lawsuit, one or more people called a "Class Representative" (in this case, The Backer Law Firm, LLC) sue on behalf of other people who have similar claims.  The people together are a "Class" or "Class Members." One court resolves the issues for everyone in the Class, except for those who choose to exclude themselves from the Class.

### 4. Why is there a settlement?

The Court did not decide in favor of the Class or the Defendant.  Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representative and the attorneys think the settlement is best for everyone who is in the Class.

## WHO IS IN THE CLASS?

### 5. How do I know if I am part of the settlement?

The Court has decided everyone who fits the following description is a Class Member:

> All persons or entities appearing in the List of Class Members to whom Defendant Costco Wholesale Corporation sent one or more facsimiles promoting its products, services, or memberships between April 2, 2011 and April 2, 2015.

> Excluded from the class are ABC Business Forms, Inc., Defendant and its officers, directors, and employees, Defendant's counsel, any persons who previously have settled TCPA claims with Defendant, the Court and Court personnel, and counsel for the Plaintiff.

If you have received this notice, it is because your name appeared in the *List of Class Members* and, therefore, you are included in the Class. Only those in the Class are eligible to receive a payment from this settlement.

### 6. I'm still not sure if I am included.

If you are still not sure whether you are included, you can get free help at <NUMBER>, or by calling or writing to the class administrator in this case at the phone number and address listed in Question 13.

### THE SETTLEMENT BENEFITS –
### WHAT YOU GET

### 7. What does the settlement provide?

Defendant have agreed to create a settlement fund with a value of $249,316.67. From this fund, Defendant will pay attorneys' fees and costs, administration expenses, and an incentive award to the Class Representative, subject to approval by the Court. The remaining net settlement fund will be available to be paid to Class Members who do not exclude themselves from this settlement. Any undistributed amounts in the net settlement fund will be donated to a non-profit charitable organization.

### 8. How much will my payment be?

Each Class Member who does not exclude themself from this settlement will receive a $70 Costco Cash Card. The Costco Cash Card is redeemable at any Costco located in the United States, or online at www.costco.com. The Costco Cash Card has no expiration date and requires

no activation.    Class Members do not have to be Costco members in order to use the Costco Cash Card.

| 9. What happens to unclaimed money in the settlement fund? |
|---|

Pursuant to the settlement agreement, any undistributed amounts in the net settlement fund will be donated to a non-profit charitable organization.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 10. How can I get a payment? |
|---|

To receive a payment, you must be a Class Member and remain in the Class.  To remain in the Class, you are not required to do anything.  Class Members will remain in the Class unless they take action to exclude themselves from the settlement.

| 11. When would I get my payment? |
|---|

The Court will hold a hearing on <HEARING DATE>, to decide whether to approve the settlement.  If the Court approves the settlement, there may be appeals.  If there is no appeal, distributions will likely occur within six months.  If there is an appeal, it's uncertain whether these appeals can be resolved and resolving them can take time, perhaps more than a year. Please be patient.

| 12. What am I giving up to get a payment or stay in the Class? |
|---|

Unless you exclude yourself, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against the Defendant about the legal issues in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  If you remain in the Class, you will agree to release certain claims as described in the settlement agreement, which describes exactly the legal claims that you give up if you remain in the Class.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you are a Class Member but don't want a payment from this settlement, but you want to keep the right to sue or continue to sue the Defendant, on your own, about the legal issues in this case, then you must take steps to get out.

This is called excluding yourself.  It is sometimes referred to as opting out of the settlement class.

| 13. How do I get out of the settlement? |
|---|

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from *The Backer Law Firm, LLC v. Costco Wholesale Corporation,* Case No. 4:15-CV-00327-SRB. Be sure to include your name and address. You must mail your exclusion request **postmarked no later than <DEADLINE>**, to:

Claims Administrator
<ADDRESS>

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) the Defendant in the future.

### 14. If I don't exclude myself, can I sue Defendant for the same thing later?

If you are a Class Member, you **may not** sue Defendant for the same thing later. Unless you exclude yourself, you give up any right to sue the Defendant for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your own lawsuit. Remember, **the exclusion deadline is <DEADLINE>**.

### 15. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not receive anything from this settlement. But, you may sue, continue to sue, or be part of a different lawsuit against the Defendant.

## THE LAWYERS REPRESENTING YOU

### 16. Do I have a lawyer in this case?

The Court has appointed the law firm of Wood Law Firm, LLC, of Kansas City, to represent you and other class members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to $99,726.67 for attorneys' fees, plus up to $17,000 in litigation costs and expenses.

### 18. Will the Class Representative be awarded for its work?

In addition to the Class Representative's payment as a member of the Class, Class Counsel will ask the court to approve a payment of up to $5,000 as an incentive award to the Representative Plaintiff for its efforts prosecuting this claim, representing the class, and obtaining settlement benefits for the Class.

## OBJECTING TO THE SETTLEMENT

You can tell the Court you don't agree with the settlement or some part of it.

| 19. How do I tell the Court that I don't like the settlement? |
| --- |

If you're a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the class settlement in *The Backer Law Firm, LLC v. Costco Wholesale Corporation,* Case No. 4:15-CV-00327-SRB. Be sure to include your name, address, and the reasons you object to the settlement. Mail the objections to these three different places **postmarked no later than <DEADLINE>:**

Court:              Tracy Diefenbach
                    Courtroom Deputy to Honorable Stephen R. Bough
                    400 E. 9th Street
                    Kansas City, MO 64106

Class Counsel:      Noah K. Wood, Esq.
                    Ari N. Rodopoulos, Esq.
                    Wood Law Firm, LLC
                    1100 Main St., Suite 1800
                    Kansas City, MO 64105

Defense Counsel:    Todd W. Ruskamp, Esq.
                    Rebecca J. Schwartz, Esq.
                    Shook, Hardy & Bacon L.L.P.
                    2555 Grand Avenue
                    Kansas City, MO 64108

| 20. What's the difference between objecting and excluding? |
| --- |

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

**21. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at _____ on _____ in the U.S. District Court for the Western District of Missouri, 400 E. 9th Street, Kansas City, MO 64106. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel and to award the Class Representative. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**22. Do I have to come to the hearing?**

No. Class Counsel will answer questions the judge may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

**23. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *The Backer Law Firm, LLC v. Costco Wholesale Corporation,* Case No. 4:15-CV-00327-SRB.." Be sure to include your name, address, and state your intent to appear the the Fairness Hearing. Your Notice of Intention to Appear must be postmarked **no later than <DEADLINE>**, and be sent to the three addresses set forth in Question 19. You cannot speak at the hearing if you excluded yourself.

**IF YOU DO NOTHING**

**24. What happens if I do nothing at all?**

If you do nothing, you'll remain in the Class and may receive a settlement payment. But you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendant about the legal issues in this case ever again.

**GETTING MORE INFORMATION**

**25. Are more details available?**

Visit the website, <WEBSITE>, where you will find the Court's Preliminary Approval Order, the Petition, and the Settlement Agreement and Release. You may also contact the class administrator by calling __phone_number__ or writing to __address__.

DATE: _____

## If you receive this notice, you could get a payment from a class action settlement

A class action settlement has been proposed in a lawsuit asserting that Costco Wholesale Corporation ("Defendant") sent unsolicited facsimile advertisements. The settlement provides for a settlement with a total value of $249,316.67. From this fund, Defendant has agreed to pay attorneys' fees and costs, administration expenses, and an incentive award to the Class Representative, subject to court approval. The remaining net settlement fund will be available to be paid to Class Members who do not exclude themselves from the settlement.

If you are a Class Member, you may receive a payment, or you can exclude yourself from the settlement, or object to it.

The United States District Court for the Western District of Missouri authorized the form and sending of this notice. Before any money is paid, the Court will have a hearing to decide whether to approve the settlement. If you decide to stay in the class, you may receive a $70 Costco Cash Card from the net settlement fund.

### WHO'S INCLUDED?

Under the terms of the proposed settlement, the Class consists of: All persons or entities appearing in the List of Class Members to whom Defendant Costco Wholesale Corporation sent one or more facsimiles promoting its products, services, or memberships between April 2, 2011 and April 2, 2015. Excluded from the class are ABC Business Forms, Inc., Defendant and its officers, directors, and employees, Defendant's counsel, any persons who previously have settled TCPA claims with Defendant, the Court and Court personnel, and counsel for the Plaintiff.

If you have received this notice, it is because your name appeared in the List of Class Members and, therefore, you are included in the Class.

### WHAT IS THIS CASE ABOUT?

The lawsuit is called *The Backer Law Firm, LLC v. Costco Wholesale Corporation,* Case No. 4:15-CV-00327-SRB. The lawsuit claims Defendant sent unsolicited facsimile advertisements, violating the federal Telephone Consumer Protection Act. Defendant denies doing anything wrong. The Court has not decided which side is right. The two sides have agreed to this settlement.

### WHAT DOES THE SETTLEMENT PROVIDE?

Class Members who do not exclude themselves from the settlement may receive a $70 Costco Cash Card. The Costco Cash Card may be used at any Costco location in the United States or online at www.costco.com. The Costco Cash Card has no expiration date and requires no activation. Class Members do not need to be Costco members in order to use the Costco Cash Card.

### WHAT ARE YOUR OPTIONS?

If you want to remain in the Class and receive a Costco Cash Card, you are not required to do anything. You will be bound by the settlement and any judgment entered in the lawsuit.

If you do not want to be legally bound by the settlement, you must **exclude** yourself by <OPT OUT DEADLINE>, or you will not be able to sue, or continue to sue Defendant on the legal claims in this case. If you exclude yourself, you cannot recover amount or benefit from this settlement. If you stay in the settlement, you may **object** to it by <DEADLINE>. Please visit <WEBSITE> for details on how to object to the settlement and/or exclude yourself from the settlement.

The Court will hold a Fairness and Good Faith Determination hearing on this case on _____ at _____ in the United States District Court for the Western District of Missouri, 400 E. 9th Street, Kansas City, MO 64106, to consider whether to grant final approval of the settlement and whether to grant the lawyers representing all class members, Wood Law Firm, LLC of Kansas City, MO, up to $99,726.67 for attorneys' fees; plus up to $17,000 in litigation costs and expenses; and $5,000 for the services of Class Representative.

You may ask to appear at the hearing, but you are not required to do so. Please visit <WEBSITE> for details on how to appear at the hearing.

For more information, including contact information, please visit the website: <WEBSITE>. You may also contact the Class Administrator at:

Name:
Address:

EXHIBIT
2

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI

THE BACKER LAW FIRM, LLC, on behalf    )
of itself and all those similarly situated,    )
    )
            Plaintiff,    )
    )
v.    )      Case No: 4:15-CV-00327-SRB
    )
COSTCO WHOLESALE CORPORATION,    )
    )
            Defendant.    )

## ORDER GRANTING PRELIMINARY APPROVAL OF
## CLASS ACTION SETTLEMENT

This case comes before the Court for hearing on Plaintiff's Motion for Preliminary Approval of Class Action Settlement, which is subject to approval by the Court.

**WHEREAS**, after full consideration and review of the Settlement Agreement and Release ("Settlement Agreement") and Plaintiff's Motion for Preliminary Approval of Class Action Settlement, and good cause appearing therefor pursuant to Rule 23,

**IT IS HEREBY ORDERED THAT**:

1.    The Court orders that this action shall be maintained as a class action under Rule 23, on behalf of the following Plaintiff class:

> All persons or entities appearing in the *List of Class Members* to whom Defendant sent one or more facsimiles promoting its products, services, or memberships between April 2, 2011 and April 2, 2015.

> Excluded from the class are ABC Business Forms, Inc., Defendant and its officers, directors, and employees, Defendant's counsel, any persons who previously have settled TCPA claims with Defendant, the Court and Court personnel, and counsel for the Plaintiff.

2.    The *List of Class Members* was previously submitted to the Court under seal. (*See* Doc. 94-1).

**EXHIBIT**

**3**

3.      Plaintiff The Backer Law Firm, LLC remains the appointed Class Representative;

4.      Noah K. Wood and Ari N. Rodopoulos of Wood Law Firm, LLC remain appointed as counsel for the above Class;

5.      The Court preliminarily approves the settlement of this action as set forth in the Settlement Agreement as being fair, just, reasonable and adequate to the Class Members, subject to further consideration at the Final Approval Hearing described below.  The Court further finds the likelihood of final approval of the Settlement Agreement is sufficient to warrant notice to the Class members as specified in the Settlement Agreement.

6.      The Class as defined in the Settlement Agreement  meets the requirements of Rule 23 as previously set forth in the order granting class certification.  (*See* Doc. 106).

7.      The Court finds the Class Notices, substantially in the forms as Exhibits 1-2 to the Settlement Agreement, accurately reflect the nature of the claims and the proposed settlement, the objection procedure is stated in clear language, is reasonably and practicably calculated to apprise Class Members of the pendency of the Action, their rights, among other things, to opt out of the settlement, to object to the settlement, and to attend the Final Approval Hearing.  The Class Notices, therefore, meet the requirements of Rule 23 and requirements of due process under the United States Constitution and are hereby approved as to form and content.  The Court further finds dissemination of the Class Notices in the manner described in the Settlement Agreement has a reasonable chance of reaching a substantial percentage of the Class Members and constitutes the best notice practicable under the circumstances.

8.      The Administrator shall issue Class Notices no later than 10 days after entry of this Order.  The long notice (Exhibit 1) shall be mailed to Class Members.  If the Administrator is unable to provide the long notice to any Class Members by mail, the Administrator shall send the short notice (Exhibit 2) by facsimile to such Class Members.

9.      As stated in the Settlement Agreement, Class Members shall be entitled to exclude themselves by written statement requesting exclusion from the settlement on or before the applicable Objection/Opt-Out Date.  To be valid, the Request for Exclusion must contain the name and address (telephone number is optional) of the person or business requesting exclusion and must be returned by First Class Mail to the Administrator, postmarked on or before the Objection/Opt-Out Date.

10.      The Court further orders, as stated in the Settlement Agreement, Class Members shall be entitled to object to the proposed settlement on or before the applicable Objection/Opt-Out Date.  Additionally, it is ordered that only Class Members may object to the Settlement and Class Members who wish to object to the Settlement must file with the Court and serve on counsel for the Parties a written statement objecting to the Settlement no later than the Objection/Opt-Out Date.  No Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the settlement, and no written objections or briefs submitted by any such member shall be received or considered by the Court at the Final Approval Hearing, unless written notice of the Class Member's intention to appear at the Final Approval Hearing, and copies of any written objections or briefs, have been filed with the Court and served on counsel for the Parties on or before the Objection/Opt-Out Date.  The date of filing shall be the exclusive means used to determine whether an objection and/or intention to appear has been timely submitted.  Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

The Objection/Opt-Out Date is _____. [*40 days after entry of order granting preliminary approval*].

8903050 v1

11.     The Final Approval Hearing is hereby scheduled to be held before the Court on

_____, 2018 at _____ for the following purposes:

    a.      To determine whether the proposed settlement of this Action, as set forth in the Settlement Agreement should be approved as fair, reasonable and adequate to the Class, and whether a Final Order approving the settlement should be entered;

    b.      To consider the application by Class Counsel for an award of attorneys' fees, costs, and expenses;

    c.      To consider any incentive award for the service of the Class Representative; and

    d.      To rule upon such other matters as the Court may deem appropriate.

**IT IS SO ORDERED.**

Date: _____          _____
                                        United States District Judge

8903050 v1