# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| THE BACKER LAW FIRM, LLC, on behalf of itself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | Case No: 4:15-CV-00327-SRB |

## ORDER GRANTING PRELIMINARY APPROVAL OF
## CLASS ACTION SETTLEMENT

This case comes before the Court for hearing on Plaintiff's Amended Motion for Preliminary Approval of Class Action Settlement, which is subject to approval by the Court.

**WHEREAS**, after full consideration and review of the Settlement Agreement and Release ("Settlement Agreement") and Plaintiff's Amended Motion for Preliminary Approval of Class Action Settlement, and good cause appearing therefor pursuant to Rule 23,

**IT IS HEREBY ORDERED THAT**:

1. The Court orders that this action shall be maintained as a class action under Rule 23, on behalf of the following Plaintiff class:

> All persons or entities appearing in the *List of Class Members* to whom Defendant sent one or more facsimiles promoting its products, services, or memberships between April 2, 2011 and April 2, 2015.
>
> Excluded from the class are ABC Business Forms, Inc., Defendant and its officers, directors, and employees, Defendant's counsel, any persons who previously have settled TCPA claims with Defendant, the Court and Court personnel, and counsel for the Plaintiff.

2. The *List of Class Members* was previously submitted to the Court under seal. (*See* Doc. 94-1).

3. Plaintiff The Backer Law Firm, LLC remains the appointed Class Representative;

4. Noah K. Wood and Ari N. Rodopoulos of Wood Law Firm, LLC remain appointed as counsel for the above Class;

5. The Court preliminarily approves the settlement of this action as set forth in the Settlement Agreement as being fair, just, reasonable and adequate to the Class members, subject to further consideration at the Final Approval Hearing described below. The Court further finds the likelihood of final approval of the Settlement Agreement is sufficient to warrant notice to the Class members as specified in the Settlement Agreement.

6. The Class as defined in the Settlement Agreement meets the requirements of Rule 23 as previously set forth in the order granting class certification. (*See* Doc. 106).

7. The Court finds the Class Notices, substantially in the forms as Exhibits 1-2 to the Settlement Agreement, accurately reflect the nature of the claims and the proposed settlement, the objection procedure is stated in clear language, is reasonably and practicably calculated to apprise Class members of the pendency of the Action, their rights, among other things, to opt out of the Settlement, to object to the settlement, and to attend the Final Approval Hearing. The Class Notices, therefore, meet the requirements of Rule 23 and requirements of due process under the United States Constitution and are hereby approved as to form and content. The Court further finds dissemination of the Class Notices in the manner described in the Settlement Agreement has a reasonable chance of reaching a substantial percentage of the Class members and constitutes the best notice practicable under the circumstances.

8. The Administrator shall issue Class Notices no later than 10 days after entry of this Order. The long notice (Exhibit 1) shall be posted on the website for class members to review as set forth in the Settlement Agreement. The short notice (Exhibit 2) shall be mailed to class

members.  If the Administrator is unable to provide the short notice to any class members by mail, the Administrator shall send the short notice (Exhibit 2) by facsimile to such class members.

9. As stated in the Settlement Agreement, Class members shall be entitled to exclude themselves by written statement requesting exclusion from the settlement on or before the applicable Objection/Opt-Out Date.  To be valid, the Request for Exclusion must contain the name and address (telephone number is optional) of the person or business requesting exclusion and must be returned by First Class Mail to the Administrator, postmarked on or before the Objection/Opt-Out Date.

10. The Court further orders, as stated in the Settlement Agreement, Class members shall be entitled to object to the proposed settlement on or before the applicable Objection/Opt-Out Date.  Additionally, it is ordered that only Class members may object to the Settlement and Class members who wish to object to the Settlement must file with the Court and serve on counsel for the Parties a written statement objecting to the Settlement no later than the Objection/Opt-Out Date.  No Class member shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any such member shall be received or considered by the Court at the Final Approval Hearing, unless written notice of the member's intention to appear at the Final Approval Hearing, and copies of any written objections or briefs, have been filed with the Court and served on counsel for the Parties on or before the Objection/Opt-Out Date.  The date of filing shall be the exclusive means used to determine whether an objection and/or intention to appear has been timely submitted.  Class members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

The Objection/Opt-Out Date is October 29, 2018.

11. The Final Approval Hearing is hereby scheduled to be held before the Court on November 13, 2018, at 2:30 p.m. in Courtroom 7B, United States District Courthouse, Kansas City, for the following purposes:

    a. To determine whether the proposed settlement of this Action, as set forth in the Settlement Agreement should be approved as fair, reasonable and adequate to the Class, and whether a Final Order approving the settlement should be entered;

    b. To consider the application by Plaintiff's counsel for an award of attorney's fees, costs, and expenses;

    c. To consider any incentive award for the service of the class representative; and

    d. To rule upon such other matters as the Court may deem appropriate.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: September 19, 2018