# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| THE BACKER LAW FIRM, LLC, on behalf of itself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No: 4:15-CV-00327-SRB<br>)<br>)<br>)<br>)<br>) |

## JUDGMENT AND ORDER

Before this is Plaintiff's Motion for Final Approval of Class Action Settlement (Doc. #187) and Motion for Award of Attorney Fees, Reimbursement of Expenses and Incentive Award (Doc. #189). For good cause stated, the Motions are granted.

**WHEREAS**, Plaintiff and Defendant entered into a September 2018 Settlement Agreement[1] (hereafter "Settlement"); and

**WHEREAS**, the Court entered a September 19, 2018 Order (hereafter "Preliminary Approval Order"), Doc. 186, preliminarily ordering notice to potential class members, scheduling a Final Approval Hearing and providing those persons identified as members of the class with an opportunity either to exclude themselves from the settlement class or to object to the proposed settlement; and

**WHEREAS**, the Court held a Final Approval Hearing on November 13, 2018, to determine (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate and should therefore be approved; (ii) whether judgment should be entered in accordance with the Settlement; (iii) whether to approve the plan of allocation as a fair and reasonable method to

---

[1] Plaintiff executed the Settlement Agreement on August 29, 2018, and Defendant executed same on September 17, 2018.

allocate the settlement proceeds among the members of the class; and (iv) whether and in what amount to award Class Counsel fees and reimbursement of expenses and an incentive award for the representative plaintiff; and

**WHEREAS**, the Court is contemporaneously issuing a Final Judgment that, among other things, grants final certification of the settlement class and approves the proposed settlement;

**NOW THEREFORE**, based on the submissions of the parties and class members, and on the arguments of counsel at the Final Approval Hearing, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. **Incorporation of Settlement Documents.** This Order Approving Class Action Settlement incorporates and makes a part hereof the Settlement filed with this Court on September 19, 2018, Doc. 185-1. Unless otherwise defined in this Order, the terms in the Order have the same meaning as they have in the Settlement.

2. **Jurisdiction.** The Court has personal jurisdiction over all class members and has subject matter jurisdiction over this action, including, without limitation, jurisdiction to approve the proposed settlement and the plan of allocation and grant final certification of the class.

3. **Final Class Certification.** The Court finds that the class described in the Settlement meets all of the requirements of Rule 23 for the reasons set out in the Court's September 19, 2018 Preliminary Approval Order, Doc. 186. The Court therefore finally certifies for settlement purposes a class consisting of: "All persons or entities appearing in the *List of Class Members* to whom Defendant sent one or more facsimiles promoting its products, services, or memberships between April 2, 2011 and April 2, 2015." Excluded from the class are ABC Business Forms, Inc., Defendant and its officers, directors, and employees, Defendant's counsel, any persons who previously have settled TCPA claims with Defendant, the Court and Court

personnel, and counsel for the Plaintiff.

4. **Exclusions.** One potential class member, Bratcher Heating & Air Conditioning, opted out of the class after certification was first granted, which was prior to the Settlement. Bratcher Heating & Air Conditioning remains excluded from the class and is not bound by the Settlement or the Final Judgment. Another potential class member, Pafco Truck Bodies, Inc., opted out after the settlement was preliminarily approved. Pafco Truck Bodies, Inc. is excluded from the class and is not bound by the Settlement or the Final Judgment. All other class members are bound by the Settlement and the Final Judgment. The parties received no objections to the Settlement.

5. **Adequacy of Representation.** Class Representative has fully and adequately represented the Class for purposes of entering into and implementing the settlement and has satisfied the requirements of Rule 23. Counsel for the Plaintiff class has capably represented the class and achieved an outstanding result in the settlement.

6. **Notice.** The Court finds that the distribution of the notice, the publication of the notice and the notice methodology were all implemented in accordance with the Court's Preliminary Approval Order and the Settlement. The Court further finds that the notice content and methodology (i) constituted the best practicable notice to class members under the circumstances of this action; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise putative class members of (a) the pendency of the action, (b) the effect of the Settlement (including the release), (c) the binding effect of the Orders and Judgment in this action, whether favorable or unfavorable, on all persons who do not request exclusion from the class, (d) their right to object to the proposed settlement, (e) their right to exclude themselves from the class and (f) their right to appear at the Final Approval Hearing; (iii) were reasonable and

constituted due, adequate and sufficient notice to all persons or entities entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law.

7. **Final Settlement Approval.** For the reasons stated in Plaintiff's motion and suggestions in support of final settlement approval, the terms and provisions of the Settlement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate, consistent and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law, and are in the best interests of each of the settling parties and the class members. The settling parties are directed to consummate the Settlement in accordance with its terms and provisions.

8. **Binding Effect.** Unless specifically excluded from the class in this Order, the terms of the Settlement and of this Order and Final Judgment shall be forever binding on Lead Plaintiff and all other class members, as well as all of their heirs, executors and administrators, predecessors, successors and assigns.

9. **Plan of Allocation.** The plan of allocation stated in the Settlement is approved as fair and reasonable. The parties and the administrator are directed to administer the plan of allocation in accordance with its terms and provisions.

10. **Enforcement of Settlement.** Nothing in this Order and Final Judgment shall preclude any action to enforce the terms of the Settlement.

11. **Attorneys' Fees and Expenses.** Plaintiff's application for attorneys' fees and expenses is **GRANTED** consistent with the terms of this Order and the Settlement, and the Court finds such to be fair and reasonable. Class Counsel are hereby awarded $99,726.67 in attorneys'

fees and $16,584.23 in reimbursed costs, for a total of $116,310.90, which shall be distributed from the Gross Settlement Amount in the manner specified in the Settlement.

12. In making this award of attorneys' fees and reimbursement of expenses, the Court has considered and found that:

    (a) the Settlement provides for a Gross Settlement Amount of $249,316.67;

    (b) the class members who did not opt out of the settlement will benefit from the settlement created by Class Counsel;

    (c) the notice was disseminated to putative class members indicating that Class Counsel were moving for attorneys' fees and costs in the amounts awarded herein and no objections were filed with respect to the terms of the proposed settlement or the amount of the fees and expenses requested by Class Counsel contained in the settlement notice;

    (d) Class Counsel has conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

    (e) The action involves complex factual and legal issues and was actively litigated; in the absence of a settlement, further prosecution would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

    (f) Had Class Counsel not achieved the Settlement there would remain a significant risk that Class Plaintiff and the Class may have recovered less or nothing from the Defendant; and

    (g) the amount of attorneys' fees awarded and expenses reimbursed from the Settlement are consistent with awards in similar cases.

13. **Incentive Award.** Pursuant to the Settlement and for the reasons stated in the Plaintiff's briefing, an incentive award in the amount of $5,000.00 shall be paid to Plaintiff The Backer Law Firm, LLC from the Gross Settlement Amount.

14. **Modification of Settlement Agreement.** The parties are hereby authorized, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement and all exhibits attached to the Settlement, provided that such amendment, modifications and expansions of the Settlement are not materially inconsistent with this Order and Final Judgment and do not materially limit the rights of class members under the Settlement. Without further order of the Court, the settling parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

15. **Judgment.** The Court is contemporaneously entering Final Judgment.

Consistent with the terms of this Order, the Plaintiff's Motion for Final Approval of Class Action Settlement (Doc. #187) and Motion for Award of Attorney Fees, Reimbursement of Expenses and Incentive Award (Doc. #189) are granted.

**IT IS SO ORDERED.**

Dated: November 13, 2018 　　　　　　　　　　/s/ Stephen R. Bough
　　　　　　　　　　　　　　　　　　　　　　JUDGE STEPHEN R. BOUGH
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT